**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Roanoke Division**

TIMOTHY BRIAN HOWELL,

      Plaintiff,

v.

ED CLARK, JR., and

      <u>Serve at</u>:
      Henry County Sheriff's Office
      3250 Kings Mountain Road
      Martinsville, VA 24112

MARK PETERS,

      <u>Serve at</u>:
      Martinsville Police Department
      55 W Church Street #6209
      Martinsville, VA 24112

      Defendants.

Case No: 7:26-CV-00450

**JURY TRIAL DEMANDED**

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

June 05, 2026

LAURA A. AUSTIN, CLERK
BY: **/s/ E. Jones**
DEPUTY CLERK

**COMPLAINT**

1.     Timothy Brian Howell was unarmed when plainclothes officers from the Henry County Sheriff's Office and Martinsville Police Department shot him three times on June 17, 2024, while he was on his father-in-law's property in Henry County, Virginia. One bullet hit Mr. Howell's right radial artery and required him to be airlifted to a hospital in critical condition. Almost two years later, he continues to suffer the impacts of those three bullets, and he will do so for the rest of his life.

## I.    JURISDICTION

2.     Jurisdiction exists in this case pursuant to 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 1331 and 1343. Further, this Court has supplemental jurisdiction, pursuant to 28 U.S.C.

§ 1367(a), over the state-law claims.

## II.    VENUE

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this district.

4.      Assignment to the Roanoke Division of the Western District of Virginia is proper pursuant to Western District of Virginia Local Rule 3(b), because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this division.

## III.    PARTIES

5.      Plaintiff TIMOTHY BRIAN HOWELL is a resident of Henry County, Virginia.

6.      At all relevant times, Defendant ED CLARK, JR., was a sworn deputy sheriff of Henry County, Virginia, serving as an investigator with the Henry County Sheriff's Office, acting within the course and scope of his employment and under color of state law.[1] Defendant Clark is sued in his individual capacity. At all relevant times, he was an adult resident of the Commonwealth of Virginia.

7.      At all relevant times, Defendant MARK PETERS was a detective with the Martinsville Police Department acting within the course and scope of his employment and under color of state law. Defendant Peters is sued in his individual capacity. At all relevant times, he was an adult resident of the Commonwealth of Virginia.

---

[1] News reports from the shooting suggest that Defendants Clark and Peters may have been acting as members of a United States Marshals Task Force when they shot Mr. Howell. See *Thirty-Five Virginia Law Enforcement Officers Receive 2025 VACP Awards for Valor*, Virginia Association of Chiefs of Police & Foundation (Aug. 25, 2025), https://www.vachiefs.org/news/thirty-five-virginia-law-enforcement-officers-receive-2025-vacp-awards-for-valor [https://perma.cc/3BEY-Z6YK]. Accordingly, Plaintiff has filed an administrative claim under the FTCA and will amend his Complaint if discovery demonstrates the Defendants were acting as federal employees during the shooting.

2

## IV.    FACTUAL BACKGROUND

8.    On June 17, 2024, Defendants Clark and Peters shot an unarmed Timothy Brian Howell three times on his father-in-law's property without warning, without identifying themselves as law enforcement, and without justification. Defendants have claimed that Mr. Howell pointed a firearm at them before they opened fire. The physical evidence, eyewitness account, and forensic analysis described below contradict that claim.

9.    Defendants Clark and Peters fired four shots at the unarmed Mr. Howell on June 17, 2024. Three of those bullets hit him, causing him to lose consciousness and be emergency airlifted to a hospital. He sustained permanent nerve damage and significant loss of hand function because of the shooting. These injuries have profoundly impacted his ability to perform activities of daily living and have caused ongoing physical and emotional suffering.

10.    Defendants Clark and Peters, along with a Deputy United States Marshal identified herein as William "Bill" Whitten (a non-party to this action), were attempting to serve Mr. Howell with arrest warrants for malicious wounding, using a firearm in a felony, and possessing a firearm as a convicted felon.

11.    In the afternoon of June 17, 2024, Defendants had information that Mr. Howell was in a camper situated deep in the woods of his father-in-law's property at 805 Wright Road, Ridgeway, Virginia.

12.    Marshal Whitten and Defendants Clark and Peters arrived in unmarked vehicles and approached Mr. Howell's camper in plainclothes.

13.    They did not announce themselves as law enforcement, did not display badges, tactical vests, or raid jackets, and did not otherwise alert Mr. Howell that they were law enforcement.

3

14.     On the day he was shot, Mr. Howell was working on his father-in-law's property, removing a radiator from a truck. In addition to the truck he was working on, a trailer and a camper were parked on the roadway/driveway. Mr. Howell saw a blacked-out SUV drive up the roadway. The approaching SUV was on one side of the parked vehicles; Mr. Howell walked to the other side of the parked vehicles, moving in the same direction from which the SUV came.

15.     Mr. Howell had a 9-millimeter handgun, which he flung away into the surrounding woods when he saw the SUV. Investigators later recovered the gun a considerable distance away in the woods.

16.     Mr. Howell was walking alongside one of the parked vehicles in front of the camper when he felt a bullet enter his lower back. The bullet's entry through Mr. Howell's lower back is itself inconsistent with the officers' subsequent claim that Mr. Howell was facing them and pointing a firearm at the moment they opened fire.

17.     Defendants Peters and Clark claimed that Mr. Howell was pointing a gun at them when they opened fire, but the following evidence contradicts that claim and, at a minimum, establishes that any belief by Defendants that Mr. Howell posed an imminent deadly threat was objectively unreasonable:[2]

    a.     Marshal Whitten told Mr. Howell weeks after the shooting that he never saw a reason to shoot at Mr. Howell.

---

[2] Henry County Sheriff's Office posted a media release on the day of the shooting which publicly announced that Mr. Howell "was armed with a handgun and subsequently pointed that gun toward law enforcement officers, and as a result, officers fired their weapons, striking Howell multiple times." Henry County Sheriff's Office, FACEBOOK, (June 17, 2024, 8:35 PM), https://www.facebook.com/henrycountysheriff/posts/86225660259610/ [https://perma.cc/S3QM-VV98].

4

b.      Dr. Christena Roberts, MD, a physician specializing in forensic pathology, examined the evidence and concluded that the physical evidence does not align with the Defendants' version of events. She noted, among other things, that:

i.      There was no blood pooling or splatter at the corner of the camper where the Defendants claim the shooting occurred, despite the transection of Mr. Howell's right radial artery and the venous injury to his left arm—both of which would have produced substantial, immediate, and visible bleeding at the actual location where Mr. Howell was shot.

ii.      Mr. Howell's bloody boots and underwear, which were removed by law enforcement after the shooting, were found at a considerable distance from both the alleged shooting location and the location where the handgun was recovered.

iii.      Mr. Howell's medical records indicate he is right-hand dominant. The gunshot wound that transected his right radial artery and contused his median nerve would have caused instant, profuse bleeding and such significant trauma that Mr. Howell would have immediately dropped any object he was holding at the actual location where he was shot. The handgun was not found at that location, which is consistent with Mr. Howell's account that he had already discarded the weapon before the shooting began.

18.      The Commonwealth's own prosecutors would not stand behind Defendants' account. Mr. Howell was charged with brandishing a firearm based on Defendants' allegation that he pointed a gun at them. That charge was ultimately dismissed after four separate prosecutors, in succession, declined to pursue it. No prosecutor was willing to put Defendants' version of events before a finder of fact.

19.     After Defendants Peters and Clark opened fire on Mr. Howell, shooting him in his lower back, he yelled back, "Why are you shooting at me?" and "you just shot me for no reason," or words to that effect.

20.     While facing the officers, unarmed and wearing a T-shirt and shorts, Mr. Howell was shot again, this time in his left arm. The bullet entered below his elbow and exited near his wrist, resulting in a venous injury. Mr. Howell cried out, saying he had been shot for no reason.

21.     A significant amount of time—many seconds—elapsed as Mr. Howell dropped to his knees, still facing Defendants Peters and Clark, visibly bleeding, unarmed, and posing no threat to the officers or any other person.

22.     After this pause, Mr. Howell was shot a third time, this time in his right arm below his elbow. The bullet cut through his radial artery and caused contusion to the median nerve. Immediately, large amounts of blood pumped out of his arm, and Mr. Howell lost consciousness.

23.     The transected radial artery required emergency vascular bypass surgery using a saphenous graft repair. Mr. Howell also required a blood transfusion to save his life during air transport to Carilion Roanoke Memorial Hospital. Following surgery, Mr. Howell was unable to perform basic personal care activities, including feeding, grooming, and brushing his teeth.

24.     The shooting caused Mr. Howell permanent nerve damage and significant loss of the use of his right hand. These injuries have profoundly impacted his ability to perform activities of daily living and have caused ongoing physical and emotional suffering.

25.     As a result of the foregoing conduct, Mr. Howell has sustained, among other injuries, damages including but not limited to: serious and permanent bodily injuries; has been and will continue to be prevented from performing his ordinary household duties; has suffered and will continue to suffer physical pain and mental anguish; has suffered and will continue to suffer

disfigurement, deformity, and associated humiliation and embarrassment; has suffered and will suffer inconvenience; and has incurred and will continue to incur expenses for medical care and treatment necessitated by his injuries.

## V.    COUNTS

### COUNT I

### 42 U.S.C. § 1983

**Excessive Force in Violation of the Fourth Amendment**
**(as Incorporated Against the States Through the Fourteenth Amendment)**

26.    Plaintiff incorporates by reference the preceding allegations of the Complaint.

27.    At all times material hereto, Defendant Clark was a sworn deputy sheriff employed by the Henry County Sheriff's Office, and Defendant Peters was a detective employed by the Martinsville Police Department. Defendants Clark and Peters were at all times acting within the course and scope of their respective employment and under color of state law.

28.    The Fourth Amendment to the United States Constitution guarantees the right against unreasonable seizures, which includes the right against the use of excessive and unnecessary force when making a seizure.

29.    Defendants Clark and Peters used excessive and objectively unreasonable force when they discharged their firearms at Mr. Howell. Each of the three gunshots that struck Mr. Howell—the first to his lower back, the second to his left arm, and the third to his right arm—constituted a separate and independently unreasonable use of deadly force. As to the first shot, Mr. Howell was struck in the lower back, a wound location inconsistent with the officers' account that Mr. Howell was facing them and pointing a firearm at them. As to the second and third shots, Mr. Howell was unarmed, visibly wounded, and facing the officers—and as to the third shot, on his knees and bleeding profusely—and posed no threat to the officers or any other person. Defendants'

7

decision to approach Mr. Howell in plainclothes, in unmarked vehicles, without announcing themselves as law enforcement, without displaying badges or raid jackets, and without otherwise identifying themselves, is among the circumstances bearing on the objective reasonableness of their use of force under the totality of the circumstances. Based on the relevant facts and circumstances reasonably believed by Defendants Clark and Peters to be true when they used force, the use of force was objectively unreasonable and excessive.

30.     As a direct and proximate result of Defendants Clark and Peters's use of excessive force, Mr. Howell was injured as described in Paragraphs 19-25 above.

31.     Defendants Clark and Peters's actions and omissions constitute a willful, wanton, reckless, and conscious disregard of Mr. Howell's constitutional rights by reason of which Plaintiff is entitled to recover punitive damages.

32.     Defendants Clark and Peters's violations of the Fourth Amendment to the U.S. Constitution, as incorporated by the Fourteenth Amendment, establish a cause of action pursuant to 42 U.S.C. § 1983 for monetary relief consisting of compensatory damages, punitive damages, and costs (including attorneys' fees) to the Plaintiff.

**COUNT II**

**ASSAULT**

33.     Plaintiff incorporates by reference the preceding allegations of the Complaint.

34.     Defendants Clark and Peters committed an assault upon Mr. Howell by placing him in reasonable apprehension of an imminent harmful or offensive contact.

35.     The assault by Defendants Clark and Peters was without legal justification.

36.     As a direct and proximate result of the assault by Defendants Clark and Peters, Mr. Howell has sustained the damages described in Paragraphs 19-25 above.

37.     Defendants Clark and Peters's assault establishes a cause of action for monetary relief consisting of compensatory damages, punitive damages, and costs to the Plaintiff.

## COUNT III

## BATTERY

38.     Plaintiff incorporates by reference the preceding allegations of the Complaint.

39.     Defendants Clark and Peters's actions alleged in the foregoing paragraphs of this Complaint constituted an intentional, unlawful, unwanted, and harmful touching (and/or touchings), without legal justification, and thus constituted battery.

40.     As a direct and proximate result of the battery by Defendants Clark and Peters, Mr. Howell sustained the injuries and damages described in Paragraphs 19-25 above.

41.     Defendants Clark and Peters's battery establishes a cause of action for monetary relief consisting of compensatory damages, punitive damages, and costs to the Plaintiff.

## COUNT IV

## GROSS NEGLIGENCE

42.     Plaintiff incorporates by reference the preceding allegations of the Complaint.

43.     At all relevant times, Defendants Clark and Peters owed Mr. Howell the duty to use reasonable care in their interactions with Mr. Howell. They both violated that duty.

44.     Defendants Clark and Peters were grossly negligent in, among other things, their decisions to approach Mr. Howell in plainclothes and unmarked vehicles without announcing themselves as law enforcement; their failure to assess whether Mr. Howell posed any actual threat before using deadly force; their failure to reassess the circumstances and cease firing after Mr. Howell was visibly wounded, unarmed, and on his knees; and otherwise in that their actions and inactions, described throughout this Complaint, showed such a level of indifference to Mr. Howell

so as to constitute an utter disregard of prudence, amounting to a complete neglect for Mr. Howell's safety. Additionally, as to each Defendant, his several acts of negligence, when combined, had the cumulative effect of showing a reckless or total disregard for Mr. Howell. The grossly negligent acts and omissions alleged herein fall outside the scope of any discretionary judgment to which Defendants might otherwise claim entitlement to immunity.

45.    As a direct and proximate result of Defendants Clark and Peters's gross negligence, Mr. Howell has sustained the damages described in Paragraphs 19-25 above.

46.    Defendants Clark and Peters's grossly negligent conduct establishes a cause of action for monetary relief consisting of compensatory damages and costs to the Plaintiff.

**COUNT V**

**WILLFUL AND WANTON NEGLIGENCE**

47.    Plaintiff incorporates by reference the preceding allegations of the Complaint.

48.    At all relevant times, Defendants Clark and Peters owed Mr. Howell the duty to use reasonable care in their interactions with Mr. Howell. They both violated that duty.

49.    Defendants Clark and Peters were willfully and wantonly negligent in their decisions to approach in plainclothes without identifying themselves, in their failure to assess any actual threat before using deadly force, and in their failure to cease firing after Mr. Howell was visibly wounded and posed no threat, and otherwise in that they acted in the manner described throughout this Complaint, in conscious disregard of Mr. Howell's rights and safety. The willfully and wantonly negligent acts and omissions alleged herein fall outside the scope of any discretionary judgment to which Defendants might otherwise claim entitlement to immunity.

50.    As a direct and proximate result of Defendants Clark and Peters's willful and wanton negligence, Mr. Howell has sustained the damages described in Paragraphs 19-25 above.

10

51.     Defendants Clark and Peters's willfully and wantonly negligent conduct establishes a cause of action for monetary relief consisting of compensatory damages and costs to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Howell demands and is entitled to recover judgment against Defendants Clark and Peters jointly and severally for $25 million, or a greater amount to be determined by the jury, costs, pre-judgment interest, attorneys' fees (in connection with the federal civil rights count), punitive damages in an amount to be determined by the jury, and such other and further relief as the Court may deem appropriate.

## TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

TIMOTHY BRIAN HOWELL

By: /s/ Mark J. Krudys
            Counsel

Mark J. Krudys (VSB #30718)
Danny Zemel (VSB #95073)
THE KRUDYS LAW FIRM, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, VA  23219
Phone (804) 774-7950
mkrudys@krudys.com
dzemel@krudys.com

Joshua Erlich (VSB #81298)
THE ERLICH LAW OFFICE, PLLC
1550 Wilson Blvd., Ste. 700
Arlington, VA  22209
Phone (703) 791-9087
jerlich@erlichlawoffice.com
*Counsel for Plaintiff Timothy Brian Howell*

11