**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTRN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| TIMOTHY BRIAN HOWELL, | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 7:26cv450 |
| v. | : | |
| ED CLARK, JR., et al., | : | |
| Defendants. | : | |

**DEFENDANT CLARK'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant, Ed Clark, Jr. ("Defendant Clark"), by counsel, and for his Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

## ANSWER

1. Denied.

## I. JURISDICTION

2. Admitted.

## II. VENUE

3. Admitted.

4. Admitted.

## III. PARTIES

5. Admitted.

6. Defendant admits that he was a sworn deputy sheriff of Henry County, Virginia serving as investigator with the Henry County Sheriff's office acting within the course and scope of his employment and under color of state law and that he was an adult resident of the

Commonwealth of Virginia. Defendant denies the remaining allegations in this paragraph and footnote 1.

7. Defendant admits that the best of his knowledge, that defendant Mark Peters was a detective with the Martinsville Police Department, acting within the course and scope of his employment and under color of state law. Defendant denies the remaining allegations in this paragraph.

## IV. FACTUAL BACKGROUND

8. Denied.

9. Denied.

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied. Defendant also denies the allegations contained in footnote 2.

a. Denied. Defendant is without sufficient permission to admit or deny the allegations of this paragraph and therefore denies same.

b. Denied.

i. Denied.

ii. Denied.

iii. Denied.

iv. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendant is without information to either admit or deny the surgery required to treat Mr. Howell's injuries. Defendant denies remaining allegations contained in this paragraph.

24. Denied.

25. Denied.

## V. COUNTS

### COUNT I

### 42 U.S.C. 1983

### Excessive Force in Violation of the Fourth Amendment (as Incorporated Against the States Through the Fourteenth Amendment)

26. Defendant incorporates his responses to the preceding allegations.

27. Defendant admits that he was a sworn deputy sheriff employed by the Henry County Sheriff's Office and was acting within the course and scope of his employment and under color of state law. The remaining allegations of this paragraph are denied.

28. This paragraph is a statement of the law and does not require a response to the extent that it is an inaccurate or incomplete statement of the law this paragraph is denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

**COUNT II**

**ASSAULT**

33. Defendant incorporates his responses to the preceding allegations.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

**COUNT III**

**BATTERY**

38. Defendant incorporates his responses to the preceding allegations.

39. Denied

40. Denied

41. Denied

**COUNT IV**

**GROSS NEGLIGENCE**

42. Defendant incorporates his responses to the preceding allegations.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

**COUNT V**

**WILLFUL AND WANTON NEGLIGENCE**

47. Defendant incorporates his responses to the preceding allegations.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief may be granted against Defendant for excessive use of force pursuant to 42 U.S.C. § 1983.

2. Plaintiff's constitutional claims against Defendant are or may be barred by the doctrine of qualified good faith immunity.

3. Plaintiff fails to state a claim upon which relief may be granted against Defendant sufficient to support an award of punitive damages.

4. Defendant denies that he is indebted to plaintiff for any reason or in any amount.

5. Defendant did not act with malice or recklessness toward plaintiff, but rather acted in good faith at all times, thereby barring any claims for compensatory or punitive damages.

6. Plaintiff's claims are or may be barred by the doctrine of contributory negligence.

7. Plaintiff's claims are or may be barred by the doctrine of assumption of the risk.

8. Virginia law limits plaintiff's claim for damages against a Sheriff and his deputies to $1,500,000 under Virginia Code § 2.2-1839.

9. The Complaint fails to state a claim upon which relief may be granted because Defendant Clark's conduct was legally excused and justified.

10. The plaintiff, by not surrendering to the police, and by not surrendering the weapon in his possession, assumed the risk that the deputies present would use deadly force.

11. When Mr. Clark fired his weapon, he reasonably perceived an imminent risk of death or serious bodily injury from Mr. Howell to himself and/or other deputies.

12. Defendant was entitled to use reasonable force to defend himself against the plaintiff's use of deadly force.

13. Mr. Clark at all times acted in self-defense and or the defense of others.

14. Plaintiff's state law claims may be barred by the doctrine of sovereign immunity.

15. Defendant reserves the right to add such other and further defenses as may be developed in the course of discovery in this action.

16. Any paragraph of the Complaint not admitted or denied is hereby denied.

17. A jury trial is demanded in this matter.

WHEREFORE, Defendant Ed Clark, Jr., having fully answered and set forth his affirmative defenses, moves for dismissal of this action with prejudice, plus costs.

ED CLARK, JR.

By: ______________/s/________________
Of Counsel

Jeff W. Rosen, Esq. (VSB No. 22689)
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone/Fax: (757) 490-6253
jrosen@pendercoward.com
*Counsel for Clark*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2026, I will electronically file the foregoing ***Defendant Clark's Answer and Affirmative Defenses to Complaint*** with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

Mark J. Krudys, Esq. (VSB #30718)
Danny Zemel, Esq. (VSB #95073)
THE KRUDYS LAW FIRM, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, VA 23219
Phone: (804) 774-7950
mkrudys@krudys.com
dzemel@krudys.com
*Counsel for Plaintiff*

Joshua Erlich, Esq. (VSB #81298)
THE ERLICH LAW OFFICE, PLLC
1550 Wilson Blvd., Suite 700
Arlington, VA 22209
Phone: (703) 791-9087
jerlich@erlichlawoffice.com
*Counsel for Plaintiff*

/s/
Jeff W. Rosen, Esq., VSB #22689
PENDER & COWARD, P.C.
222 Central Park Avenue
Virginia Beach, VA 23462
Phone: (757) 490-6253
Fax: (757) 490-6253
jrosen@pendercoward.com
*Counsel for Clark*