**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Roanoke Division**

| | |
|---|---|
| TIMOTHY BRIAN HOWELL,<br><br>Plaintiff,<br><br>v.<br><br>ED CLARK, JR., and<br>MARK PETERS,<br><br>Defendants. | Civil Action No. 7:26-cv-00450 |

**JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN**

Under Federal Rule of Civil Procedure 26(f), counsel for all parties conferred by telephone on October 12, 2026. Mark J. Krudys, Esq. participated for Plaintiff Timothy Brian Howell. Jeff Rosen, Esq. participated for Defendant Ed Clark, Jr. Defendant Mark Peters has been served but has not appeared. The parties submit this report and proposed discovery plan. Where the parties disagree, each side's position is stated.

**1. Nature of the Case and Status of the Pleadings**

This is a civil rights and personal injury action. Plaintiff alleges that Defendants shot him three times on June 17, 2024, in Henry County, Virginia, while attempting to serve arrest warrants. Plaintiff asserts a claim under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment. He also asserts Virginia claims for assault, battery, gross negligence, and willful and wanton negligence. Both Defendants are sued in their individual capacities. Plaintiff has demanded a jury.

Plaintiff filed the Complaint on June 5, 2026. Defendant Clark answered on September 17, 2026. ECF No. 11. Defendant Peters was served on July 21, 2026. He has not answered or

otherwise appeared. To eliminate any question about service, Plaintiff will also serve the United States under Rule 4(i)(3). Defendant Clark believes that the Court should refrain from setting a trial date until it is determined why Officer Mark Peters has not responded to the suit and whether he will retain counsel. Plaintiff's position is that Defendant Peters's failure to participate should not materially defer the setting of a trial date.

**2. Principal Disputed Issues**

The parties anticipate that the principal disputed issues will include: (a) whether Plaintiff held or pointed a firearm when each shot was fired; (b) whether Defendants identified themselves as law enforcement; (c) whether each use of force was objectively reasonable; (d) whether Defendants are entitled to qualified immunity or any immunity under Virginia law; (e) whether Defendants were acting as federal task force officers at the time of the shooting; and (f) the nature and extent of Plaintiff's injuries and damages.

**3. Federal Task Force Status and Possible Amendment**

Public reports suggest Defendants may have been acting as members of a United States Marshals Service task force. Compl. ¶ 6 n.1. If so, Plaintiff's state-law claims may implicate the Federal Tort Claims Act. Plaintiff presented an administrative claim under the FTCA to the U.S. Marshals Service on June 8, 2026. Under 28 U.S.C. § 2675(a), Plaintiff may bring suit on that claim after final denial or six months after presentment, whichever comes first.

Because this question affects the proper parties and claims, Plaintiff proposes that each Defendant state in writing, within 30 days of the Rule 26(f) conference, whether he contends he was a specially deputized federal task force officer on June 17, 2024. Plaintiff further proposes that Defendants produce any deputation records, task force memoranda of understanding, and related agreements with their initial disclosures.

**4. Initial Disclosures**

The parties will exchange the disclosures required by Rule 26(a)(1) by **October 30, 2026**. No changes to the form or requirements of those disclosures are needed. The disclosures will include any insurance, self-insurance, coverage provided by the Commonwealth, risk-pool, or indemnification agreement that may satisfy all or part of a judgment, as Rule 26(a)(1)(A)(iv) requires.

**5. Subjects of Discovery and Phasing**

Plaintiff expects to seek discovery on at least the following subjects:

(a) The planning and execution of the June 17, 2024 warrant operation, including briefings, assignments, and the decision to approach in plainclothes and unmarked vehicles.

(b) Communications among Defendants, Deputy U.S. Marshal William Whitten, dispatch, and supervisors before, during, and after the shooting, including radio traffic, CAD records, 911 calls, and text messages.

(c) Any audio or video recordings, including body-worn camera, in-car camera, and phone recordings.

(d) The Virginia State Police investigation file, including witness statements, scene photographs, diagrams, and measurements.

(e) Physical and forensic evidence, including the firearms discharged, the handgun recovered, shell casings, projectiles, clothing, blood evidence, and any ballistic or laboratory testing.

(f) Each Defendant's training, use-of-force history, disciplinary and internal affairs records, and any post-shooting administrative review.

(g) Public statements about the shooting, including the Henry County Sheriff's Office media release of June 17, 2024, and any nominations or submissions supporting the 2025 VACP valor awards.

(h) The prosecution and dismissal of the brandishing charge against Plaintiff.

(i) Plaintiff's injuries, medical treatment, and damages.

Defendant Clark expects to seek discovery on:

(a) Facts of Incident

(b) Plaintiff's alleged injuries

(c) Plaintiff's prior criminal record

(d) All issues raised by Plaintiff

The parties do not propose that discovery be conducted in phases.

**6. Third-Party Discovery**

Much of the relevant evidence is held by non-parties. These include the Henry County Sheriff's Office, the Martinsville Police Department, the Virginia State Police, the Henry County Commonwealth's Attorney, the U.S. Marshals Service, and Plaintiff's medical providers. The parties will cooperate in obtaining these records and will share all documents obtained by subpoena within 14 days of receipt. Mr. Rosen can assist with subpoenas issued to the Henry County Sheriff's Office.

Records and testimony from the U.S. Marshals Service, including testimony of Deputy Marshal Whitten, are subject to the Department of Justice's Touhy regulations, 28 C.F.R. §§ 16.21–16.29. Plaintiff intends to serve a Touhy request promptly. The parties request that the schedule account for the time the agency may need to respond.

**7. Preservation and Physical Evidence**

The parties acknowledge their duty to preserve relevant evidence, including electronically stored information. No party will conduct destructive testing of any physical evidence without written notice to all parties and either agreement or a court order. The parties will agree on a protocol for joint inspection of the physical evidence, including the firearms, casings, projectiles, and clothing.

**8. Electronically Stored Information**

Relevant ESI likely includes email, text messages, messaging applications, phone call logs, CAD and radio records, and any audio or video. This includes data on agency-issued and personal devices used by Defendants for work. Unless otherwise agreed, the parties will produce documents as text-searchable PDF or TIFF images with standard load files and basic metadata. Audio, video, and spreadsheets will be produced in native format. The parties will confer in good faith on custodians, date ranges, and search terms.

**9. Privilege and Rule 502(d) Order**

A party withholding documents on privilege or work-product grounds will serve a privilege log that complies with Rule 26(b)(5)(A) within 30 days after the related production. Communications with litigation counsel after the filing of the Complaint need not be logged. The parties will submit a proposed order under Federal Rule of Evidence 502(d) providing that the production of privileged material does not waive any privilege in this or any other proceeding.

**10. Protective Order**

The parties anticipate producing personnel and internal affairs records, medical records, and law enforcement sensitive information. The parties will submit a proposed stipulated protective order within 30 days. Plaintiff's position is that confidentiality designations should be

made document by document, and that the investigative file and recordings of the shooting should not be designated confidential as a category. Defendant Clark reserves the right to designate privileged and confidential material as a group.

**11. Limits on Discovery**

**Interrogatories.** The limit of 25 interrogatories per party under Rule 33(a)(1) should apply. Plaintiff may serve up to 25 on each Defendant.

**Depositions.** Plaintiff proposes 10 depositions per side, not counting expert witnesses and records custodians. The likely witnesses include both Defendants, Deputy Marshal Whitten, the Virginia State Police investigators, other responding officers, scene and medical witnesses, and corporate designees of the agencies. Each deposition will be limited to one day of seven hours under Rule 30(d)(1).

**Requests for admission.** Plaintiff proposes a limit of 40 requests for admission per party, not counting requests to authenticate documents.

**12. Expert Witnesses**

Plaintiff anticipates expert testimony in forensic pathology, police practices and use of force, shooting reconstruction and firearms, and medical causation and prognosis. Treating physicians may testify as non-retained experts under Rule 26(a)(2)(C). Defendant Clark's anticipated experts are in the same fields as Plaintiff. Expert disclosures will follow the schedule below.

**13. Proposed Schedule**

Plaintiff proposes the following schedule. Defendant Clark observes that suggested dates will, of course, have to conform to the deadlines set by the Court's Pretrial Order.

| **Event** | **Plaintiff's Proposed Date** |
|---|---|
| Rule 26(a)(1) initial disclosures | October 30, 2026 |
| Defendants' written statement on task force status (§ 3) | November 11, 2026 |
| Proposed protective order and Rule 502(d) order | November 11, 2026 |
| Motions to amend pleadings or join parties | March 1, 2027 |
| Amendment to add FTCA claim against the United States | Within 45 days after final agency denial, if later than March 1, 2027 |
| Plaintiff's expert disclosures | May 14, 2027 |
| Defendants' expert disclosures | June 14, 2027 |
| Rebuttal expert disclosures | June 28, 2027 |
| Close of all discovery | July 30, 2027 |
| Dispositive and Daubert motions | August 27, 2027 |
| Final pretrial conference | To be set by the Court |
| Jury trial | September 20-24, 2027 |

**14. Settlement and Alternative Dispute Resolution**

The parties discussed settlement, but defense counsel believes it to be premature. The parties believe a settlement conference with a magistrate judge or private mediation may be productive after the depositions of the Plaintiff, Defendants, and Deputy Marshal Whitten.

**15. Consent to Magistrate Judge**

The parties do not consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c).

**16. Trial**

Plaintiff has demanded a jury. The parties estimate that trial will take four to five days.

Dated: October 15, 2026

Respectfully submitted,
TIMOTHY BRIAN HOWELL
By Counsel

/s/ Mark J. Krudys
Mark J. Krudys (VSB No. 30718)
Danny Zemel (VSB No. 95073)
The Krudys Law Firm, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, Virginia 23219
(804) 774-7950
mkrudys@krudys.com
dzemel@krudys.com

Joshua Erlich (VSB No. 81298)
The Erlich Law Office, PLLC
1550 Wilson Blvd., Suite 700
Arlington, Virginia 22209
(703) 791-9087
jerlich@erlichlawoffice.com

*Counsel for Plaintiff*

ED CLARK, JR.
By Counsel

/s/ Jeff W. Rosen, with permission
Jeff W. Rosen, Esq. (VSB No. 22689)
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone/Fax: (757) 490-6253
jrosen@pendercoward.com
*Counsel for Defendant Ed Clark, Jr.*