UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY BRIAN HOWELL, | |
| Plaintiff, | |
| v. | Case No. 7:26-cv-450 |
| ED CLARK, JR., *et al.*, | |
| Defendant. | |

**CONSENT MOTION FOR EXTENSION OF TIME OF DEFENDANT PETERS**

Pursuant to Rule 6(b)(1)(B ) of the Federal Rules of Civil Procedure, Defendant Mark Peters moves for an extension of time in which to file a responsive pleading to Plaintiff's Complaint (ECF No. 1) to October 30, 2026. on the ground that the Defendant's failure to file such responsive pleading to the Complaint was due to excusable neglect. The legal argument supporting this motion follows:

1. Peters was served with a copy of the summons on July 27, 2026.[1] (ECF No. 6.) Thus, a responsive pleading was due on August 17, 2026.

2. Peters unsuccessfully attempted to notify VAcorp, a self-insurance risk pool providing coverage to public local government organizations and entities in Virginia, of the claim but was unaware that his attempt to notify VAcorp was unsuccessful.

[1] Plaintiff asserts in his Motion for Entry of Default that Peters was served on August 21, 2026. August 21, 2026 is when the process server received the summons, but Peters was served on August 27, 2026. (ECF No. 6.)

3. Upon being alerted on October 14, 2026 that the Plaintiff had filed a motion for entry of default (ECF No. 13), Peters realized that no attorney represented him in this matter and no responsive pleading had been filed on his behalf. Peters immediately contacted the undersigned attorney's firm about the motion for entry of default. The firm then notified VAcorp of the Plaintiff's motion and provided VAcorp a copy of the Complaint.

4. The undersigned counsel was retained to represent Peters on October 15, 2026.

5. Since the Complaint and the Plaintiff's claims involve disputed and potentially complicated facts and claims, the undersigned counsel will need additional time to investigate the claims and determine the appropriate response(s) to the Complaint.

6. Counsel for the Plaintiff consents to the requested extension of time and a Proposed Order is filed as an attachment hereto.

7. Federal Rules Civ. Proc. Rule 6(b)(1)(B) provides that a Court may extend the time to act within a specified time "after the time has expired if the party failed to act because of excusable neglect." That is the situation here.

8. Defendant Peters attempted to notify VAcorp of the Plaintiff's claims and the filing of the Complaint but, unbeknownst to him, was unsuccessful so he did not file a timely responsive pleading.

9. Peters's co-defendant, Ed Clark, Jr., has already filed a timely responsive pleading denying the Plaintiff's claims. The Plaintiff's claims against

the defendants are identical, so the Plaintiff is not prejudiced by a later responsive pleading from Peters.

10. The undersigned counsel is aware of and intends to participate in the scheduled Rule 16 conference on October 23, 2026 at 8:30 a.m.

11. Accordingly, Peters's neglect is excusable because he believed he had taken all the necessary steps to secure a defense and the Plaintiff is not prejudiced by the delay.

WHEREFORE, Defendant Mark Peters requests that this Court enter an Order granting this motion and extending the time for his responsive pleading to the Complaint until October 30, 2026.

Respectfully submitted,

MARK PETERS

/s/

Joshua D. Goad
VSB No. 74915
JOHNSON, AYERS & MATTHEWS, PLC
310 First Street, SW, Suite 700
P. O. Box 2200
Roanoke, Virginia 24009
Tel: (540) 767-2070
Fax: (540) 982-1552
Email: jgoad@jamlaw.net
Counsel for Defendant Peters

**CERTIFICATE OF SERVICE**

I certify that on October 16, 2026, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to all counsel of record.

/s/
Joshua D. Goad