UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY BRIAN HOWELL, | |
| Plaintiff, | |
| v. | Case No. 7:26-cv-450 |
| ED CLARK, JR., *et al.*, | |
| Defendant. | |

ANSWER OF PETERS

Defendant Mark Peters comes by counsel and files this Answer to the Plaintiff's Complaint:

1. Peters denies the allegations in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint states a conclusion of law. To the extent a response is required, Peters admits only that this Court has jurisdiction over the Plaintiff’s claims.

3. Paragraph 3 of the Complaint states a conclusion of law. To the extent a response is required, Peters admits only that venue is proper.

4. Paragraph 4 of the Complaint states a conclusion of law. To the extent a response is required, Peters admits only that assignment to the Roanoke Division is proper.

5. Peters admits the allegations in Paragraph 5 of the Complaint.

6. With regard to Paragraph 6 of the Complaint, upon information and belief, Peters admits that Clark was a sworn deputy sheriff of Henry County, Virginia serving

as an investigator with the Henry County Sheriff's Office, acting within the course and scope of his employment and that he is an adult resident of Virginia. Peters denies the remaining allegations in Paragraph 6 and footnote 1 of the Complaint.

7. With regard to Paragraph 7 of the Complaint, Peters admits that he was a detective with the Martinsville Police Department acting within the course and scope of his employment and that he is an adult resident of Virginia. Peters denies the remaining allegations in Paragraph 7 of the Complaint.

8. Peters admits that the Plaintiff pointed a firearm at law enforcement officers and posed an immediate threat of death and serious harm to law enforcement officers before the defendants fired at him to protect the lives of themselves and others. Peters denies the remaining allegations in Paragraph 8 of the Complaint.

9. Peters admits that a justified shooting occurred but denies that it happened in the manner alleged in Paragraph 9 of the Complaint and denies that the Plaintiff was injured as alleged.

10. Peters admits the allegations in Paragraph 10 of the Complaint.

11. Peters denies the allegations in Paragraph 11 of the Complaint.

12. Peters denies the allegations in Paragraph 12 of the Complaint.

13. Peters denies the allegations in Paragraph 13 of the Complaint.

14. Peters does not have sufficient information to admit the allegations in Paragraph 14 of the Complaint and therefore denies them.

15. Peters denies the allegations in Paragraph 15 of the Complaint.

16. Peters denies the allegations in Paragraph 16 of the Complaint.

17. With regard to Paragraph 17 of the Complaint, Peters admits that the Plaintiff pointed a firearm at law enforcement officers and posed an immediate threat of death and serious harm to law enforcement officers before the defendants fired at him to protect the lives of themselves and others and admits the allegation in footnote 2. Peters does not have sufficient information to admit the allegations in Sub-paragraphs 17(a), 17(b), 17(b)(i), 17(b)(ii), or 17(b)(iii) of the Complaint and therefore denies them. Peters denies the remaining allegations in Paragraph 17 of the Complaint.

18. Peters denies the allegations in Paragraph 18 of the Complaint.

19. Peters denies the allegations in Paragraph 19 of the Complaint.

20. Peters denies the allegations in Paragraph 20 of the Complaint.

21. Peters denies the allegations in Paragraph 21 of the Complaint.

22. Peters denies the allegations in Paragraph 22 of the Complaint.

23. Peters does not have sufficient information to admit the allegations in Paragraph 23 of the Complaint and therefore denies them.

24. With regard to Paragraph 24 of the Complaint, Peters denies that Plaintiff was injured and damaged as alleged, and calls upon Plaintiff for strict proof of each and every item of alleged injury and damage.

25. With regard to Paragraph 25 of the Complaint, Peters denies that Plaintiff was injured and damaged as alleged, and calls upon Plaintiff for strict proof of each and every item of alleged injury and damage.

26. In response to Paragraph 26 of the Complaint, Peters incorporates his responses to Paragraphs 1 – 25 of the Complaint.

27. With regard to Paragraph 27 of the Complaint, Peters admits that Clark was a sworn deputy sheriff employed by the Henry County Sheriff's Office, Peters was a detective employed by the Martinsville Police Department, and both defendants were acting within the course and scope of their employment. Peters denies the allegations in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint is a conclusion of law to which no response is required. To the extent that a response is required, Peters denies that he acted unreasonably or violated any provision of the United States Constitution.

29. Peters denies the allegations in Paragraph 29 of the Complaint.

30. Peters denies the allegations in Paragraph 30 of the Complaint.

31. Peters denies the allegations in Paragraph 31 of the Complaint.

32. Peters denies the allegations in Paragraph 32 of the Complaint.

33. In response to Paragraph 33 of the Complaint, Peters incorporates his responses to Paragraphs 1 – 32 of the Complaint.

34. Peters denies the allegations in Paragraph 34 of the Complaint.

35. Peters denies the allegations in Paragraph 35 of the Complaint.

36. Peters denies the allegations in Paragraph 36 of the Complaint.

37. Peters denies the allegations in Paragraph 37 of the Complaint.

38. In response to Paragraph 38 of the Complaint, Peters incorporates his responses to Paragraphs 1 – 37 of the Complaint.

39. Peters denies the allegations in Paragraph 39 of the Complaint.

40. Peters denies the allegations in Paragraph 40 of the Complaint.

41. Peters denies the allegations in Paragraph 41 of the Complaint.

42. In response to Paragraph 42 of the Complaint, Peters incorporates his responses to Paragraphs 1 – 41 of the Complaint.

43. Paragraph 43 of the Complaint states a conclusion of law to which no response is required. Peters denies all factual allegations in Paragraph 43 of the Complaint.

44. Peters denies the allegations in Paragraph 44 of the Complaint.

45. Peters denies the allegations in Paragraph 45 of the Complaint.

46. Peters denies the allegations in Paragraph 46 of the Complaint.

47. In response to Paragraph 47 of the Complaint, Peters incorporates his responses to Paragraphs 1 – 46 of the Complaint.

48. Paragraph 48 of the Complaint states a conclusion of law to which no response is required. Peters denies all factual allegations in Paragraph 48 of the Complaint.

49. Peters denies the allegations in Paragraph 49 of the Complaint.

50. Peters denies the allegations in Paragraph 50 of the Complaint.

51. Peters denies the allegations in Paragraph 51 of the Complaint.

52. Peters denies all allegations contained in the Complaint not expressly admitted herein.

**DEFENSES**

53. Any claim asserted against Peters by the Plaintiff is barred by the doctrine of qualified immunity.

54. The Plaintiff's Complaint fails to state against Peters any claim upon which relief can be granted, and thus, the Complaint should be dismissed.

55. Peters denies that he was acting under color of state law at the time of the subject incident.

56. Peters denies that injuries and damages alleged in the Complaint were caused by wrongful acts and omissions of Peters. Thus, the Plaintiff is not entitled to any recovery from Peters.

57. Peters denies that the Plaintiff is entitled to recover from him any compensatory damages, punitive damages, attorneys' fees, interest or costs, or any other sum whatsoever.

58. Peters denies that he violated any legal duty that he may have owed to the Plaintiff under any applicable law.

59. Peters denies that he violated the Plaintiff's rights under any applicable provision of the United States Constitution.

60. Peters relies upon the defenses of contributory negligence, assumption of the risk, and failure to mitigate damages.

61. Peters reserves the right to rely upon, and to request leave to amend this Answer as may be necessary to assert, any and all affirmative or other defenses which

may become applicable, up to and including the time of trial, should such be shown by the evidence adduced during discovery or trial.

62. Peters requests a trial by jury.

Respectfully submitted,

MARK PETERS

/s/

Joshua D. Goad
VSB No. 74915
JOHNSON, AYERS & MATTHEWS, PLC
310 First Street, SW, Suite 700
P. O. Box 2200
Roanoke, Virginia 24009
Tel: (540) 767-2070
Fax: (540) 982-1552
Email: jgoad@jamlaw.net
Counsel for Defendant Peters

**CERTIFICATE OF SERVICE**

I certify that on October 28, 2026, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to all counsel of record.

/s/
Joshua D. Goad