Exhibit A

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| TIMOTHY BRIAN HOWELL, | : | |
| Plaintiff, | : | Civil Action No. 7:26cv450 |
| v. | : | |
| ED CLARK, JR., et al., | : | |
| Defendants. | : | |

# PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the stipulation of the parties by their respective attorneys, it is ORDERED that:

1. The purpose of this Order and agreement is to permit discovery and trial preparation to proceed with a minimum of discovery motions over matters of confidentiality.

2. This Order governs the handling of all documents, testimony and information produced, given or filed herein by the parties and designated or considered "CONFIDENTIAL" under this order.

3. This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential information. This Order shall not expand or otherwise provide protection to information that is in the public domain and/or otherwise discoverable via request under the United States and/or Commonwealth of Virginia Freedom of Information Acts and/or through any other legitimate, ethical, and legal means. The fact that information is or is not designated "CONFIDENTIAL" under this Order shall not determine what a trier-of-fact may find to be confidential or proprietary.

4. Any party may designate as "CONFIDENTIAL" any materials produced in this action, including any document, any answer to interrogatories or other discovery requests in this action, or any portion of any deposition (including exhibits) in this action, that contain any confidential, proprietary, personal, or similar information as such materials have been protected by the Courts (i.e., prison records, medical records, tax records, non-public financial records, records disclosing or describing jail operations, policies and procedures, the confidentiality of which is necessary for public safety, jail photos, schematics, depictions of locking mechanisms, and proprietary or trade secret documents). The designation of any information or document as "CONFIDENTIAL" shall be made in good faith and, as noted below, such designation may be subject to objection as referenced below.

5. Parties may designate materials as confidential by writing, typing or stamping the word "CONFIDENTIAL" (or words to that effect) on the face of any materials, so that it is not touching, obscuring or otherwise obliterating the information contained in the document, upon their initial production to the opposing party.

6. The parties may designate deposition testimony or portions thereof as "CONFIDENTIAL" by so designating such testimony before or after the deposition, but in no event later than twenty-one (21) days from the date on which the deposition was taken. The parties may request that any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order. Copies of any transcript, reporter's notes, or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, except that they may be delivered to attorneys of record.

7. In the event such "CONFIDENTIAL" material is later introduced into evidence or considered by the Court, neither the designation "CONFIDENTIAL" nor the fact of such designation shall be admitted into evidence or considered by the Court, other than for the Court's consideration of disputes under this Order. Any documents marked "CONFIDENTIAL" that are admitted into evidence and/or relied upon and referenced by the Court in any opinion granting or denying a motion dispositive of any claim or defense asserted in the case shall lose the protection provided in this order absent further order of the Court to the contrary.

8. In the event materials are produced herein which, in a party's opinion, should have been, but were not, designated as "CONFIDENTIAL," such party may designate such material as "CONFIDENTIAL" by notifying counsel for all parties of this designation as soon as possible. Upon receipt of such notification, all parties shall treat such materials as "CONFIDENTIAL," and attempt to recall all materials distributed in any way that would have been inconsistent with the terms of this Order had such documents been designated as "CONFIDENTIAL" to begin with.

9. Should a party object to the designation of material as "CONFIDENTIAL" that party shall give written notice of such objection to the other party. Within seven (7) days, counsel shall confer, including orally, meaningfully, and in good faith, to attempt to resolve such objections. If no resolution is reached, the party objecting to such designation may apply to this Court for a ruling whether the material in question should be treated as "CONFIDENTIAL" under this Order. Pending the Court's ruling, the parties shall treat the document as "CONFIDENTIAL" as provided under this Protective Order.

10. Except under further Order of this Court, material designated or considered "CONFIDENTIAL" pursuant to this Order shall be used solely for the purposes of this action

and shall not be disclosed to any person, except the Court (including the clerk's office), the trier of fact, the parties, counsel for the parties, their staff members, their professional and para-professional employees, and any experts associated by the parties regarding this action. As used herein, the term "parties" includes the parties' officers, directors and employees in a management capacity. Prior to any such disclosure to an expert witness, counsel shall inform the expert of the provisions of this Order and obtain his or her written agreement to be bound by this Order (to which a copy of this Order shall be attached). Any "CONFIDENTIAL" documents that are presented to a witness during deposition, in preparation for deposition, or otherwise will retain the protection of this Protective Order despite this disclosure.

11. Parties proposing to file documents under seal shall comply with the Local Rule.

12. Inadvertent production of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order.

13. Upon final termination of this action, including any appeals, all material designated "CONFIDENTIAL" shall be destroyed as soon as possible, no later than 5 years after final termination of the action.

14. Nothing in this Order shall prevent a party from any use of his or its own confidential documents.

15. This Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential

on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance, or privilege. Further, the provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered.

16. The parties shall continue to resolve confidentiality issues by agreement of counsel not inconsistent with this Order.

17. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of either party to challenge the propriety of discovery on other grounds.

18. Notwithstanding the foregoing provisions, Counsel shall have the right to black-out or otherwise protect, prior to production, confidential personal information (i.e. addresses, phone numbers, Social Security Numbers, etc.), bank account numbers, and/or other proprietary or personal identification information, to the extent such personal information is believed, in good faith, to be immaterial to the discovery of relevant information.

The Clerk is directed to send copies of this Order to counsel of record.

ENTER: / /

______________________________
JUDGE

WE ASK FOR THIS:

__________/s/____________________
Jeff W. Rosen, Esq., VSB No. 22689
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone/Fax: (757) 490-6253
jrosen@pendercoward.com
*Counsel for Clark*

________________/s/_______________
Mark J. Krudys, Esq. (VSB #30718)
Danny Zemel, Esq. (VSB #95073)
THE KRUDYS LAW FIRM, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, VA 23219
Phone: (804) 774-7950
mkrudys@krudys.com
dzemel@krudys.com
*Counsel for Plaintiff*

Joshua Erlich, Esq. (VSB #81298)
THE ERLICH LAW OFFICE, PLLC
1550 Wilson Blvd., Suite 700
Arlington, VA 22209
Phone: (703) 791-9087
jerlich@erlichlawoffice.com
*Counsel for Plaintiff*

________________/s/_______________
Joshua D. Goad, Esq. (VSB #74915)
JOHNSON, AYERS & MATTHEWS, PLC
310 First Street, SW, Suite 700
P. O. Box 2200
Roanoke, VA 24009
Phone: (540) 767-2070
jgoad@jamlaw.net
*Counsel for Peters*